OPINION *Page 2 
{¶ 1} Defendant-Appellant, Brandon S. Bailey, appeals his conviction and sentence on one count of Aggravated Assault, in violation of R.C. 2903.12(A)(1). Following a jury trial, a presentence investigation was conducted and Appellant was sentenced to three years of community control, restitution and costs. Appellant was informed should he fail to comply with the terms and conditions of community control, a one-year term in a state penitentiary would be imposed, followed by three years on post-release control. In addition, Appellant was informed of the penalties should he violate the terms of post-release control.
 {¶ 2} Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to Anders v. California (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating the within appeal was wholly frivolous and setting forth a proposed assignment of error. Appellant did not file a pro se brief alleging any assignment of error.
 {¶ 3} "THE JURY ERRNEOUSLY CONCLUDED THAT APPELLANT BRANDON S. BAILEY (BAILEY) WAS GUILTY OF AGGRAVATED ASSAULT."
 {¶ 4} In Anders, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the appeal is wholly frivolous, counsel should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany this request with a brief identifying anything in the record that could arguably support the client's appeal. Id. Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters that the client chooses. Id. Once the defendant's *Page 3 
counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 5} Counsel in this matter has followed the procedure in Anders v.California (1967), 386 U.S. 738. Appellant has not filed a brief of his own or suggested any other possible assignments of error. Appellee also failed to file a brief in this matter.
 {¶ 6} In his potential assignment of error, Appellant essentially contends the conviction was not supported by sufficient evidence or was against the manifest weight of the evidence.
 {¶ 7} In State v. Jenks (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 8} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact *Page 4 
clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v.Thompkins, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 1997-Ohio-52, citingState v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.
 {¶ 9} Appellant was convicted on one count of Aggravated Assault, in violation of R.C. 2903.12(A)(1). Revised Code 2903.12 (A)(1) states, in pertinent part, "[n]o person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly . . . [c]ause serious physical harm to another. . ." "Serious physical harm" is defined, in pertinent part, as any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity, any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement or any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain. R.C. 2901.01 (A)(5). Upon review of the record, we find no error. *Page 5 
 {¶ 10} The following testimony was elicited at trial. Raymond Barton and Appellant had a heated discussion on the phone on the night of May 19, 2005. Appellant told Barton to come see him.
 {¶ 11} When Barton arrived, Appellant came out to the driveway. As Barton got out of his car, Appellant ran up at him. Barton put his hands up and the two talked for "a second." Then, Appellant reached into a pocket and pulled out a crescent wrench. Appellant hit Barton in the head with the wrench. Barton fell to the ground. According to Barton, Appellant proceeded to kick him. As Barton got to his feet, Appellant went into the house. Barton then left in his car.
 {¶ 12} Following the episode, Barton went home. Barton's girlfriend, with whom Barton lived, testified when Barton returned from seeing Appellant, he had a gash on his head and was covered in blood. Subsequently, Barton went to the hospital. Barton was diagnosed with a "non-depressed skull fracture" and a lacerated scalp. Physician Progress Notes, State's Exhibit 5. Staples were used to repair the lacerated scalp. Id. Barton testified as a result of his injuries, he suffered "bad" pain for months and hearing problems. Tr. 121-122.
 {¶ 13} Meanwhile, Appellant's girlfriend contacted the police. Appellant and his girlfriend wanted to place a complaint alleging Barton damaged cars at the location. When police arrived, Appellant spoke with police and gave a written statement. In the written statement, Appellant stated, "[h]e (Barton) showed up and damaged my truck and broke the wing on [a] car. After that I went out and basically beat him up and he got in his car and left. . . ." State's Exhibit 3. *Page 6 
 {¶ 14} At trial, Appellant asserted he acted in self-defense and only hit Barton with his fist. Appellant testified Barton had a baseball bat and swung at him before he hit Barton. Appellant further asserted after he hit Barton with his fist, Barton was not bleeding. However, Appellant never mentioned a baseball bat or any concept of self-defense when he spoke with police that night or in his written statement.
 {¶ 15} The testimony and evidence presented at trial was sufficient evidence to support the jury's finding of guilt. Further, upon review, we find the jury did not lose its way and create a miscarriage of justice.
 {¶ 16} Appellant's Assignment of Error is overruled.
 {¶ 17} For these reasons, and after independently reviewing the record, we agree with counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw and affirm the judgment of the Licking County Court of Common Pleas.
 Hoffman, P.J. Farmer, J. and Delaney, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed.
Attorney Matthew L. Alden's motion to withdraw as counsel for Appellant is hereby granted. *Page 1